# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEROY WHITNEY, JR.,

        Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 335724
Kent Circuit Court
LC No. 16-005011-FH

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 3 to 40 years of imprisonment for the felon-in-possession conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. We affirm.

Defendant's convictions result from his possession of a firearm during the early morning hours of May 1, 2016, in a Grand Rapids neighborhood. The police were initially called to the area because of a fight or disorderly conduct. After investigating, the officers left, but returned to the area approximately five minutes later after a reported gunshot. While en route, the police received updated information that a witness had seen a man "ditch a gun" in a grassy area. Upon arriving at the area, Byron Maldonado-Gonzalez led officers to a location where he saw a man throw an object, and the police discovered a nine-millimeter handgun. As Maldonado-Gonzalez was talking to an officer, he observed the person he saw discard the gun and immediately alerted the police. An officer stopped the man, who was identified as defendant. The officers conducted an on-the-scene showup and Maldonado-Gonzalez verified that defendant was the person who discarded the gun. At trial, the defense denied that defendant possessed a weapon and argued that Maldonado-Gonzalez's testimony was not credible.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to show that he was previously convicted of a felony, a necessary element of felon in possession of a firearm. The elements of felon in possession of a firearm are that "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich

-1-

App 241, 267-268; 893 NW2d 140 (2016). Defendant challenges only the felony-conviction element of this offense.

Contrary to what defendant argues on appeal, the parties stipulated on the record at trial that defendant had been convicted of a felony and was ineligible to possess a firearm at the time of the charged crimes. "A defendant should not be allowed to assign error on appeal to something his own counsel deemed proper at trial. To do so would allow a defendant to harbor error as an appellate parachute." *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998) (internal citations omitted). Because the record discloses that defendant stipulated on the record to a prior felony conviction, the parties proceeded according to that stipulation throughout trial, and the jury was instructed in accordance with that stipulation, we conclude that defendant waived any challenge to the sufficiency of the evidence in support of the prior-conviction element of the felon-in-possession charge. Furthermore, defendant's related claim—that his felony-firearm conviction cannot stand without a valid felon-in-possession conviction— necessarily fails.

## II. DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL

Defendant also asserts that he was denied due process of law based on an impermissibly suggestive on-the-scene identification. Relatedly, he claims ineffective assistance of counsel because his attorney did not move to suppress the identification. Both arguments fail.

Prompt on-the-scene confrontations are "reasonable, indeed indispensable, police practices because they permit the police to immediately decide whether there is a reasonable likelihood that the suspect is connected with the crime and subject to arrest, or merely an unfortunate victim of circumstance." *People v Winters*, 225 Mich App 718, 728; 571 NW2d 764 (1997). On-the-scene identification also allows witnesses to make identifications when their memories are fresh. *People v Libbett*, 251 Mich App 353, 362; 650 NW2d 407 (2002). A defendant can challenge an identification based on constitutional grounds if it was "so unnecessarily suggestive and conducive to irreparable mistaken identification that [it amounts] to a denial of due process." *Winters*, 225 Mich App at 725. The fairness or suggestiveness of an identification procedure is evaluated in light of the totality of the circumstances to determine whether the procedure was so impermissibly suggestive that it led to a substantial likelihood of misidentification. *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993). The following factors are relevant to determine the likelihood of misidentification: (1) the opportunity for the witness to view the suspect at the time the crime occurred; (2) the witness's degree of attention; (3) the accuracy of any prior descriptions by the witness; (4) the witness's level of certainty during the identification; and (5) the length of time between the crime and the confrontation. *People v Colon*, 233 Mich App 295, 304-305; 591 NW2d 692 (1998).

Considering the totality of the circumstances, Maldonado-Gonzalez's on-the-scene identification of defendant was not based on an impermissibly suggestive procedure leading to a substantial likelihood of misidentification. Maldonado-Gonzalez's testimony indicates that he had a good opportunity to view the person who discarded the gun. He provided a description of the gunman and his specific actions. Maldonado-Gonzalez was sitting in his car 2-1/2 meters away and, although it was "[b]etween dark and light" outside, he was able to see because the area was illuminated by street lights. He immediately called the police. Based on his

observations, he was able to direct the police to the exact location where the person discarded the handgun. As Maldonado-Gonzalez and an officer were walking toward that location, Maldonado-Gonzalez, who primarily speaks Spanish, saw defendant walking down the street, immediately recognized him, and "started pointing" at him to alert the officer. These events were not prompted by any police activity. This observation occurred approximately 10 minutes after Maldonado-Gonzalez had seen the suspect flee the area; thus, the person's appearance was still fresh in Maldonado-Gonzalez's mind.

Because of the language barrier, to confirm his understanding of Maldonado-Gonzalez's reaction, the officer asked, "Is that the guy," "a few times" and Maldonado-Gonzalez responded affirmatively each time. One officer walked down the street to stop defendant, while Maldonado-Gonzalez continued talking to another officer. Shortly thereafter, Maldonado-Gonzalez was presented with the person whom he had previously pointed out to the officer, and positively identified him as the person who had discarded the gun. Defendant analogizes this scenario to a situation where a "victim, believing the perpetrator had been caught, viewed the defendant under arrest in the police car." This argument is unpersuasive because, in this case, it was Maldonado-Gonzalez who initially pointed out defendant to the police. In other words, it was Maldonado-Gonzalez's identification activity that prompted the officer to approach defendant, take him into custody, and place him in a police cruiser. Under these circumstances, the fact that defendant was asked to step out of the cruiser to confirm that he was the same person who Maldonado-Gonzalez had pointed out to the police moments earlier was not so impermissibly suggestive as to have led to a substantial likelihood of misidentification.

Defendant has not identified any act by the police that improperly suggested that he was the perpetrator or that the police were acting for reasons other than to determine "whether there [was] a reasonable likelihood that the suspect [was] connected with the crime and subject to arrest, or merely an unfortunate victim of circumstances." *Winters*, 225 Mich App at 728. Because there was no impermissibly suggestive identification procedure, defendant cannot establish that defense counsel was ineffective for failing to move to suppress Maldonado-Gonzalez's identification. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle